Malysz v WFP Tower B Co., LP (2024 NY Slip Op 00974)

Malysz v WFP Tower B Co., LP

2024 NY Slip Op 00974

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 153694/16, 595834/17 Appeal No. 1753 Case No. 2023-04377 

[*1]Christopher J. Malysz, Plaintiff,
v
WFP Tower B Co., LP et al., Defendants.
Structure Tone, Inc., Third-Party Plaintiff-Appellant,
v
Allran Electric of NY, LLC, Third-Party Defendant, Hi Tech Data Floors, Inc., Third-Party Defendant-Respondent.

Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellant.
Law Office of Nicole E. Lesperance, Elmsford (Peter D. Cantone of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered April 14, 2023, which insofar as appealed from, denied third-party plaintiff Structure Tone, Inc.'s motion for summary judgment on its contractual indemnification claim against third-party defendant Hi Tech Data Floors, Inc., unanimously affirmed, without costs.
The question of whether to consider a summary judgment motion made beyond the deadline established under CPLR 3212(a) rests within the court's discretion (see Brill v City of New York 2 NY3d 648 [2004]). Here, the note of issue was filed on April 23, 2019, which was three-and-one-half years before Structure Tone's application, and Structure Tone did not demonstrate good cause for the delay.
Structure Tone's contention that the note of issue was "essentially vacated" due to its settlement with plaintiff is unavailing. There is no indication that there was a stipulation withdrawing the note of issue (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 541 [1st Dept 2022]), and there was no order vacating the note of issue (see Thompkins v Ortiz, 165 AD3d 428, 429 [1st Dept 2018]).
In view of the foregoing, we do not reach Structure Tone's remaining contentions. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024